```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :     CRIMINAL ACTION
                                :     NO. 06-710
                                :
     v.                         :     CIVIL ACTION
                                :     NO. 08-1532
                                :
                                :
CHRISTOPHER YOUNG               :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              August 15, 2012

Christopher Young ("Petitioner") is a federal prisoner incarcerated at the Federal Correctional Institution Elkton in Lisbon, Ohio. Before being sentenced, Petitioner filed two separate pro se motions for habeas corpus asserting that this Court lacked jurisdiction over his case. On May 15, 2012, the Court denied Petitioner's § 2241 motion. See Order, May 15, 2012, Civ. No. 07-3533, ECF No. 5. For the reasons set forth below, the Court will also deny Petitioner's § 2255 Motion and dismiss with prejudice.

I.   BACKGROUND

Petitioner, along with three other co-conspirators, was charged with robbing a Wal-Mart of $334,763.00 in the early morning hours following Black Friday in 2006. Indictment, United States v. Christopher Young, No. 06-710-02 (E.D. Pa. Dec. 14,

2006), Crim. ECF No. 1.[1] At his arraignment on December 20, 2006, Petitioner pled not guilty to all charges. Subsequently, however, on March 7, 2007, Petitioner changed his plea to guilty on all counts, pursuant to a plea agreement with the Government.[2] Crim. ECF Nos. 66, 67.

Before being sentenced, on July 2, 2007, Petitioner filed a pro se motion to dismiss the indictment based on four arguments: (1) that the Court lacked personal jurisdiction over Petitioner because Petitioner is a sovereign citizen of the state of Pennsylvania; (2) that the Court lacked subject-matter jurisdiction because Petitioner's crime did not have a nexus with interstate commerce, as required by the Hobbs Act, 18 U.S.C. § 1951(a); (3) that the Court lacked subject-matter jurisdiction because 18 U.S.C. § 1951(a) and § 924(c) do not apply to independent sovereign states and; (4) that the Court lacked subject-matter jurisdiction because the federal government cannot abrogate a state's sovereign immunity. Crim. ECF No. 89. Petitioner subsequently filed a pro se motion to

---

[1] Citations to the Petitioner's underlying criminal case will be indicated by adding "Crim." before the ECF No.

[2] Petitioner pled guilty to three counts: Hobbs Act robbery and conspiracy in violation of 18 U.S.C. § 1951(a), as well as using or carrying a firearm during or in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1) and 2.

withdraw his guilty plea on November 19, 2007.[3] Crim. ECF No. 156. The Court denied Petitioner's motion to withdraw his guilty plea and declined to consider several of Petitioner's pro se motions, including his motion to dismiss the indictment, because as Petitioner had counsel at the time, he was not entitled to "hybrid representation." See Memorandum 9-10, Jan. 17, 2008, Crim. ECF No. 171. In a footnote, the Court noted that even if it had considered Petitioner's motion to dismiss the indictment, the motion was procedurally improper and failed on the merits because Petitioner's crime did have the necessary nexus with interstate commerce. Id. at 10 n.8.

On August 27, 2007, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241.[4] See Habeas Petition, Civ. No. 07-3533, ECF No. 1. Petitioner noted that he had filed a motion to dismiss the indictment in his criminal case, but had

---

[3] The docket contains, and the Court considered, three versions of Petitioner's motion to withdraw his guilty plea. See Crim. ECF Nos. 156, 163, 167. After Petitioner filed his pro se motion to withdraw, Petitioner filed a counseled motion to withdraw his plea pursuant to a Court order. Crim. ECF. No. 163. Later, dissatisfied with his counseled motion, Petitioner again filed a pro se motion to withdraw his plea. Crim. ECF No. 167. At the hearing on the motions to withdraw the guilty plea, Petitioner's counsel adopted the arguments made in Petitioner's pro se motions. Therefore, the Court considered all three motions filed by Petitioner (two pro se and one counseled).

[4] Petitioner titled his habeas petition "Movant is Challenging this Indictment Under 2241 Habeas Corpus For Lack of Person Jurisdiction, Subject-Matter Jurisdiction and Memorandum of Law." See Habeas Pet. 6, Civ. No. 07-3533.

"never received anything from [sic] District Court stating the disposition of said motion." Habeas Pet. 1. He raised the same arguments in his habeas petition as those raised in his pro se motion to dismiss in his criminal case. Id. at 6-60.

Petitioner subsequently filed a second habeas petition on March 31, 2008, entitled "Verified Petition for Writ of Habeas Corpus Ad Subjiciendum the 'Great Writ.'" Habeas Petition, Civ. No. 08-1532, ECF No. 1 [hereinafter § 2255 Motion]. On May 8, 2008, the Court ordered the Respondents to respond to this petition, which they did on June 6, 2008. ECF Nos. 3, 4 & 5.

Petitioner filed both of his habeas motions while he was awaiting sentencing in his criminal case. On August 27, 2008, Petitioner was sentenced to 196 months on Counts One and Two and 84 months on Count Three to run consecutively to Counts One and Two. Judgment, Crim. ECF No. 213. Petitioner appealed his sentence on September 2, 2008, and the Third Circuit affirmed the judgment of this Court on November 8, 2011. Crim. ECF Nos. 215, 239, 240 & 241.

On May 15, 2012, this Court denied Petitioner's petition pursuant to 28 U.S.C. § 2241 without prejudice. See Order, May 15, 2012, Crim. ECF No. 243. As Petitioner's claims could be presented in a § 2255 motion, the Court dismissed Petitioner's petition without prejudice to allow Petitioner to

4

reassert his claim in a § 2255 motion.[5] See Memorandum 7-8, Crim. ECF No. 242. Furthermore, with respect to Petitioner's second habeas petition, the Court gave Petitioner notice of its intention to construe his petition as a motion pursuant to § 2255. See Order & Notice, May 15, 2012, Civ. No. 08-1532, ECF No. 8.[6] The Court gave Petitioner thirty days to notify the Court

---

[5] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f) (Supp. IV 2011). That period generally runs from "the date on which the judgment of conviction becomes final." Id. § 2255(f)(1).

Petitioner's judgment became final on February 6, 2012, when his time to petition for a writ of certiorari for review of the Third Circuit's judgment expired. See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); U.S. Sup. Ct. R. 13(1) (providing ninety-day period to file petition for writ of certiorari to review appellate court judgment). Petitioner has until February 6, 2013, to file a § 2255 motion.

[6] The Court provided Petitioner with the following notice regarding the effect of recharacterization pursuant to 28 U.S.C. § 2255 and options available to him:

> Your habeas petition dated March 31, 2008, appears to be a petition that could have been brought under 28 U.S.C. § 2255, and it will be construed as such by this Court. You are hereby notified that federal law now requires you to include all of your federal constitutional claims challenging a specific conviction in one habeas corpus petition. 28 U.S.C. §§ 2244, 2255; United States v. Miller, 197 F.3d 644 (3d Cir. 1999). In other words, if this petition is denied after consideration of your claims on the merits, you will not be able to file another petition at a later time challenging the same conviction on other grounds,

absent exceptional circumstances and certification by the Court of Appeals.

As an unrepresented individual, you are hereby notified that you have the following three options: (1) you may withdraw your pending petition and subsequently file one new, all-inclusive § 2255 petition, which contains every ground for relief which you believe may entitle you to relief from the conviction and sentence you are seeking to challenge, provided that any new § 2255 petition is filed within the one-year statute of limitations; (2) you may amend the petition presently on file with the Court with any additional claims or materials in support of your pending claims which you want the Court to consider in ruling on your pending petition; however, if the amendment is not filed within 120 days of the date that the Court receives notice of your intention to amend, the Court will rule on the petition in the form in which it was filed; or (3) you may choose to have the petition ruled on as filed.

You must notify the Court in writing of your choice of one of these three options, within thirty (30) days of the date of this Notice and Order. If no written notification of withdrawal is received within thirty (30) days, the Court will proceed to decide the petition as filed.

Unless you choose to withdraw your pending motion, you will not be able to file a new § 2255 petition absent certification from the Third Circuit Court of Appeals authorizing this Court to consider it because it will be considered a second or successive habeas corpus motion. See 28 U.S.C. § 2244(b)(3)(A). This includes your ability to re-file your § 2241 petition, which this Court dismissed without prejudice, as a writ of habeas corpus under 28 U.S.C. § 2255. See Habeas Petition, Civ. No. 07-3533, ECF No. 1.

This Notice and Order does not enlarge the one-year limitation period set by 28 U.S.C. § 2255 or in any other way bear upon the question of whether or not the petition which you filed with the Court in fact was filed within the limitation period. Miller,

of his decision to withdraw, amend, or have the petition ruled on as filed. Id. at 2. The Court further explained that if it did not receive written notice of Petitioner's decision, it would rule on the petition as filed. Id. As the Court has not received a response from Petitioner within the thirty-day time limit, the petition is recharacterized as a § 2255 Motion and is ripe for disposition.

## II.   LEGAL STANDARD

Federal prisoners challenging their conviction or sentence generally must seek post-conviction relief under 28 U.S.C. § 2255. See 28 U.S.C. § 2255(a) (Supp. IV 2011). In a § 2255 motion, a federal prisoner may attack his sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. See id. § 2255(b).

A petitioner is entitled to an evidentiary hearing as to the merits of his claim unless it is clear from the record

---

197 F.3d at 653 (citing United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999), cert. denied, 528 U.S. 866 (1999)).

See Order & Notice 1-3, May 15, 2012, Civ. No. 08-1532.

7

that he is not entitled to relief.[7] The Court must dismiss the motion "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Section 2255 R. 4(b). A prisoner's pro se pleading is construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011).

**III. DISCUSSION**

Petitioner's claims in his § 2255 Motion generally assert that this Court lacked jurisdiction to convict or sentence Petitioner.[8] Petitioner contends that this Court did not

---

[7] Section 2255 provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b).

[8] In order to obtain habeas relief under § 2255, the prisoner must demonstrate that he is "in custody." See Lehman v. Lycoming Cnty. Children's Servs. Agency, 458 U.S. 502, 510 (1982); Jones v. Cunningham, 371 U.S. 236, 239-43 (1963). The petitioner must be in custody at the time the petition is filed in federal court, otherwise the district court lacks jurisdiction over the petition. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Incarceration pursuant to the conviction challenged in the petition satisfies the custody requirement. Withrow v. Williams, 507 U.S. 680, 715-16 (1993). Here, Petitioner satisfies the custody requirement because even though he had yet to be sentenced, he was

have jurisdiction to enter judgment against him because Petitioner was arrested and taken into custody without a writ ad prosequendum and thus the United States Government and the Federal Bureau of Investigation violated his Fifth Amendment rights to due process.[9] § 2255 Motion 1-2. Further, Petitioner maintains that he is being held illegally and unlawfully because no "acts of cessation" have been granted to the United States from Pennsylvania regarding the geographical area wherein the alleged offense was to have occurred, nor for the location to which Petitioner was taken into custody. Id. at 2. Specifically, he argues that FBI Agents deprived him of due process because they did not go through proper extradition channels in violation of his rights under the Uniform Criminal Extradition Act, as adopted in Pennsylvania ("PaUCEA"), 42 Pa. Cons. Stat. Ann. §§ 9121-9144, and Article IV, Section 2, Clause 2 of the United States Constitution. Id. at 3.

---

incarcerated pursuant to his guilty plea conviction, and is challenging his conviction due to this Court's alleged lack of jurisdiction.

[9] Petitioner states that his Fourteenth Amendment right to due process was violated, however, as the Fourteenth Amendment applies only to the states, this Court will analyze Petitioner's claim under the Fifth Amendment Due Process Clause. See U.S. Const. amend. V.

It appears that the Petitioner is arguing that the Court lacked personal jurisdiction over Petitioner because Petitioner is a sovereign citizen of the "asylum state of Pennsylvania," and therefore should have been extradited as a fugitive to the United States in order to have been lawfully taken into custody. Id. at 2-5. Petitioner's arguments are unavailing. This Court had personal and subject-matter jurisdiction because Petitioner violated federal laws and was arrested within the Eastern District of Pennsylvania. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231 (2006). Moreover, "it is well established that a court's power to try a defendant is ordinarily not affected by the manner in which the defendant is brought to trial." See United States v. Best, 304 F.3d 308, 311 (3d Cir. 2002) (citing Frisbie v. Collins, 342 U.S. 519, 522 (1952) (upholding conviction of defendant who had been kidnapped in Chicago by Michigan officers and brought to trial in Michigan because "due process of law is satisfied when one present in court is convicted of crime after having been fairly apprised of the charges against him and after a fair trial in accordance with constitutional procedural safeguards")); see also United States v. Romero-Galue, 757 F.2d 1147, 1150 n.10 (11th Cir. 1985) (noting that "[j]urisdiction

10

over the person of a defendant in a federal criminal trial whether citizen or alien, whether arrested within or beyond the territory of the United States, is not subject to challenge on the ground that the defendant's presence before the court was unlawfully secured"). Accordingly, as this Court had personal and subject-matter jurisdiction over Petitioner, Petitioner's due process rights were not violated.

Furthermore, an extradition issue did not arise in this case because under Article IV, Section 2, Clause 2 of the United States Constitution, states have a constitutionally imposed duty to extradite persons who "flee from Justice" in another state.[10] This duty did not arise here because Petitioner was lawfully arrested pursuant to a federal arrest warrant in Philadelphia for federal offenses which occurred within the Eastern District of Pennsylvania. See Gov't's Resp. 3, ECF No. 5; Indictment 1, Crim. ECF No. 1. Petitioner does not aver, nor does the record provide any evidence that Petitioner was extradited from or to Pennsylvania for the purposes of facing the charges in Petitioner's underlying criminal case. Thus, it

---

[10] That duty is implemented by the Federal Extradition Act, 18 U.S.C. § 3182. Procedures for carrying out that duty are governed in Pennsylvania by the Uniform Criminal Extradition Act, codified at 42 Pa. Cons. Stat. Ann. §§ 9121-9144. Alleged fugitives have a federal right to challenge extradition from the asylum state by petitioning for habeas relief. In Petitioner's case, that right was not implicated because he was arrested in Philadelphia within the Eastern District of Pennsylvania.

plainly appears that Petitioner is not entitled to relief on the theory that he was denied his rights to proper extradition channels.

## IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2255 motion, the Court must also decide whether to issue or deny a certificate of appealability ("COA"). See § 2255 R. 11(a). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). In this case, the Court will not issue a certificate of appealability because Petitioner failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## V.   CONCLUSION

For the reasons provided, the Court will deny Petitioner's § 2255 Motion and dismiss it with prejudice. The Court will not issue a Certificate of Appealability. An appropriate order will follow.